FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 OCT 10 AM 11:22
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. CR404-309 |
| | ) |
| KENNETH NEWSOME, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant Kenneth Newsome's Motion to Receive Credit for Time Served. (Doc. 115) In the motion, Defendant requests that he be given credit toward his 120-month sentence for the time he was in state custody. (Id. at 1.) However, the Bureau of Prisons ("BOP") is the entity authorized to compute sentences and award credit for any time served. See 18 U.S.C. § 3585(b)(1); United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) ("[T]he Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing."). Furthermore, this Court did not recommend to the BOP that Defendant be awarded credit for his time in

state custody. (Doc. 68.) Accordingly, Defendant's motion is **DENIED**.[1]

SO ORDERED this 10th day of October 2012.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Following exhaustion of available administrative remedies, a prisoner may challenge the BOP's decision with respect to awarding credit for time served by filing a petition for habeas corpus in the district where the prisoner is confined and naming as respondent the warden of that facility. See United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991).